**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION**

| | |
|---|---|
| **RAYMUNDO LANDEROS and DIANA LANDEROS, individually and on behalf of all similarly situated individuals,** ) ) ) ) | |
| **Plaintiffs,** ) | **Case No.: 14-00473** |
| vs. ) | **CLASS ACTION** |
| ) | |
| **PINNACLE RECOVERY, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**COMPLAINT**

COME NOW the Plaintiffs, Raymundo Landeros and Diana Landeros, and as their Complaint against the above-named Defendant allege as follows:

**JURISDICTION AND VENUE**

1. The jurisdiction of the Court is invoked pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

**PRELIMINARY STATEMENT**

3. This is a class action for statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiffs bring this action individually and on behalf of all others similarly situated to recover damages because of the Defendant's violation of the FDCPA. The violating actions addressed in this Complaint stem from attempts to collect a debt without providing the requisite notice of the consumer's rights under the FDCPA.

1

## PARTIES

4. The Plaintiffs are natural persons and residents citizens of Baldwin County, Alabama. Each is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Pinnacle Recovery, Inc., ("Pinnacle") is a corporation, which is, upon information and belief, incorporated under the laws of the state of California and has its principal place of business in Carlsbad. At all relevant times, Pinnacle was engaged in business within the State of Alabama, including the collection of debts. Pinnacle is regularly engaged in the practice of debt collection.

6. Pinnacle sends collection letters and places collection calls as a regular part of its business and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. The mails and interstate wire communications are used to conduct the business of Pinnacle.

8. Pinnacle is a debt collector as defined in the FDCPA.

## FACTUAL ALLEGATIONS

9. On or about June 20, 2014, Pinnacle initially contacted Plaintiffs by the use of a collection letter, filed herewith as Exhibit "A," demanding payment in the amount of $16,902.20. The creditor was identified as "Westgate Resorts."

10. The June 2014 collection letter was the initial contact with Plaintiffs. The letter contains the following deceptive statements:

   ➢ That the property is "currently in the foreclosure process."

   ➢ Failure to respond will continue to force the current foreclosure process.

> ➢ If the foreclosure of your interest is completed, the foreclosure will be reported to the credit bureaus and this "forgiveness of debt" will be reported to the Internal Revenue Service (IRS).
>
> ➢ When a creditor makes such a report, you will receive a 1099-C form.
>
> ➢ The IRS treats the forgiven debt as income, on which you may owe income tax.

11.   The above statements are deceptive because no foreclosure had been commenced, foreclosure is falsely equated with "forgiveness of debt," and that foreclosure on the timeshare at issue will result in a tax liability. Furthermore, Pinnacle is not permitted or authorized to engage in legal practice or to offer tax advice.

## COUNT ONE
## (FDCPA VIOLATIONS)

12.   Plaintiffs reallege and incorporate all of the preceding paragraphs as if fully set out herein.

13.   This is a claim asserted against Pinnacle for violations of the FDCPA.

14.   Pinnacle is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

15.   Pinnacle has violated the FDCPA in connection with its attempts to collect the account against Plaintiffs. The violations include, but are not limited to the following:

   a. Making false and deceptive representations in violation of 15 U.S.C. § 1692e;

   b. Otherwise violating the FDCPA.

16.   As a result of its violations of the FDCPA, Pinnacle is liable to Plaintiffs for statutory damages, plus costs and attorney's fees.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendant Pinnacle for the following:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    B.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

    C.    Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT TWO
### (CLASS ACTION ALLEGATIONS)

18.    Plaintiffs reallege and adopt all of the relevant foregoing paragraphs contained in this complaint.

19.    Plaintiffs request this court to certify this action as a class action as provided by Federal Rules of Civil Procedure, Rule 23, and reallege and incorporates by reference the allegations and counts of complaint on behalf of all those persons hereinafter described belonging to the class or any sub-class therein.

20.    Plaintiffs bring this action on behalf of themselves and all members of a class defined as follows:

> All individuals who, from one year prior to the filing of this action through the date of an order certifying a class action herein, are residents of the United States received, from the defendant, the form collection letter dated filed herewith as Exhibit One.

21.    The class is so numerous, that joinder of all members is impractical and there are questions of law or fact common to the class relating to the conduct of the defendant regarding said claims. Furthermore, Plaintiffs' claims or defenses, as representative of the class, are typical of the class and in a representative capacity, they will fairly and adequately protect the interest of the class.

22.    Each class member has, or has been subjected to collection activity in violation of

the FDCPA.

23. Names and addresses of class members are presently unknown to Plaintiffs, but can be readily ascertained from the Defendant's business records.

24. Common or similar issues of law and fact predominate over individual issues. These common issues include, but are not limited to the following:

    A. Does the form collection letter sent to Plaintiffs and members of the class violate the FDCPA?

    B. What is the appropriate remedy for Pinnacle's violations of the FDCPA;

25. Proof of common facts and legal doctrines by the representative plaintiff consumer will determine the claims of each member of the class.

26. This class action proceeding will provide a practical basis for the determination of all interest of the parties, prevent inconsistent adjudications, maximize judicial economy, and is superior to all other available methods of fair and efficient adjudications of the controversy.

27. The named representative's claims are typical and representative of the class.

28. It is and was the practice of Pinnacle to attempt debt collection that was in violation of the FDCPA as stated in the above.

**WHEREFORE**, Plaintiffs pray that this court will certify this as a class action, and award the members of the class described herein the remedies provided for in 15 U.S.C. § 1692k and:

    a. That this court determine that this cause may proceed as a class action, that Plaintiffs be appointed as class representative, that the undersigned be appointed as the attorneys for the class;

    b. That this court award Plaintiffs and the members of the FDCPA class statutory

        damages;

   d.    That the cost of prosecution and reasonable attorneys' fees be awarded to the attorneys for Plaintiffs and the Plaintiffs' Class.

                      Respectfully Submitted,

                      /s/ Earl P. Underwood, Jr._____
                      EARL P. UNDERWOOD, JR. (UNDEE6591)
                      Underwood & Riemer, PC
                      21 South Section Street
                      Fairhope, Alabama  36533
                      Telephone: (251) 990-5558
                      Facsimile:  (251) 990-0626
                      E-mail: epunderwood@alalaw.com
                      One of the Attorneys for Plaintiffs

                      /s/ Shawn T. Alves (with consent)_____
                      SHAWN T. ALVES
                      GEORGE R. IRVINE, III
                      CHRISTINE N. BURNS
                      Stone, Granade & Crosby, P.C.
                      7133 Stone Dr.
                      Daphne AL 36526
                      Telephone: (251) 626-6696
                      Additional Counsel for Plaintiffs

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

                      /s/ Earl P. Underwood, Jr._____
                      EARL P. UNDERWOOD, JR.

**DEFENDANT WILL BE SERVED BY CERTIFIED MAIL AT:**

    CSC-LAWYERS INCORPORATING SRVC INC
    150 SOUTH PERRY STREET
    MONTGOMERY, AL 36104