## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| RAYMUNDO LANDEROS and | ) | |
| DIANA LANDEROS, | ) | |
|    Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **CIVIL ACTION NO. 14-00473-KD-M** |
| PINNACLE RECOVERY, INC. | ) | |
|    Defendants. | ) | |

## ORDER

This matter is before the Court on Plaintiffs' Brief in Support of Preliminary Approval of Class Settlement (Doc. 36), which the Court construes as a Motion for Preliminary Certification of the Class.[1] On January 21, 2016, the Court held a hearing on the matter. On February 12, 2016, Plaintiffs supplemented their motion. (Doc. 44).

For the reasons discussed herein, the Court **DENIES** the Motion for Preliminary Certification. Thus, the Joint Motion for Settlement Approval (Doc. 35) is **MOOT**.

I.      Background

Plaintiffs bring this proposed class action, alleging that Defendant Pinnacle Recovery, Inc. ("Pinnacle") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Specifically, Plaintiffs allege Pinnacle violated the FDCPA "in connection with attempts to collect the account against Plaintiffs" by "making false and deceptive representations in violation of 15 U.S.C. § 1692e" and "otherwise violating the FDCPA" via statements made in a "collection letter." (Doc. 1 at 2-3). The proposed class definition is:

All persons in the United States who, from October 9, 2013, through August 17, 2015, were sent a form collection letter that contained the following statement: Your

---

[1] On January 14, 2015, the Court entered a "Rule 16(b) Scheduling Order on Class Certification Issues and Plaintiff's Individual Claims." (Doc. 21). The Order stated, "Plaintiff's Motion for Class Certification with supporting brief, and any dispositive motions relative to Plaintiff's individual claims, are to be filed not later than September 25, 2015." (Id. at 4). On August 21, 2015, the parties filed a notice of settlement. (Doc. 34). No motion for class certification was filed.

current real estate interest with Westgate Resorts (our client) is current in the foreclosure process. Failure to respond will continue to force the current foreclosure process. If the foreclosure of your interest is completed, the foreclosure will be reported to the credit bureaus and this "forgiveness of debt" will be reported to the Internal Revenue Service (IRS). When a creditor makes such a report, you will receive a 1099-C form. The IRS treats the forgiven debt as income, on which you may owe income tax.

(Doc. 35-1 at 15; Notice of Proposed Class Action Settlement). Here, the parties' Settlement Agreement states, "Pinnacle has represented that approximately 13,614 letters have been sent in the relevant time, but many were sent to different debtors residing in the same household." (Doc. 35-1 at 4).

II.     Class Certification

"Judicial review of a proposed class action settlement is a two-step process: preliminary approval and a subsequent fairness hearing." *Smith v. Wm. Wrigley Jr. Co.,* No. 09–60646–CIV, 2010 WL 2401149, at *1 (S.D. Fla. June 15, 2010) (citations omitted). The Court's initial task is to make a "preliminary evaluation of the fairness of the settlement before directing that notice be given to the settlement class." *Id.; see also Bennet v. Behrina Corp.,* 737 F.2d 982, 986 (11th Cir. 1984) (listing the factors courts in the Eleventh Circuit consider). The preliminary evaluation here necessarily includes determining whether a class can and should be certified, consistent with the requirements of Rule 23. *See Outten v. Capital Mgmt. Servs., L.P.,* 2010 WL 2194442, at *1-*5 (S.D. Fla. Apr. 9, 2010) (addressing Rule 23 requirements for a settlement class in a case arising out of alleged violations of the FDCPA); MANUAL FOR COMPLEX LITIGATION, FOURTH, § 21.632 (2004) (noting that where a case "is presented for both class certification and settlement approval, the certification hearing and preliminary fairness evaluation can usually be combined"). When considering whether to certify a class, the Court is reminded that "[t]he burden of proof to establish the propriety of class certification rests with the advocate of the class." *Valley Drug Co. v. Geneva Pharms., Inc.,* 350 F.3d 1181, 1187 (11th Cir.2003).

In *Vega v. T-Mobile USA, Inc.*, the Eleventh Circuit found that the district court had abused its discretion when it improperly certified a class, explaining:

> "For a district court to certify a class action, the named plaintiffs must have standing, and the putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." *Klay v. Humana, Inc.,* 382 F.3d 1241, 1250 (11th Cir.2004). Under Rule 23(a), every putative class first must satisfy the prerequisites of "numerosity, commonality, typicality, and adequacy of representation." *See* Fed.R.Civ.P. 23(a); *Valley Drug Co. v. Geneva Pharms., Inc.,* 350 F.3d 1181, 1187–88 (11th Cir. 2003).

> "A district court must conduct a rigorous analysis of the rule 23 prerequisites before certifying a class." *Castano v. Am. Tobacco Co.,* 84 F.3d 734, 740 (5th Cir.1996); *see also Martinez–Mendoza v. Champion Int'l Corp.,* 340 F.3d 1200, 1216 n. 37 (11th Cir.2003) (noting a trial court's "independent obligation [under Rule 23(c)(1)] to decide whether an action was properly brought as a class action"). "Although the trial court should not determine the merits of the plaintiffs' claim at the class certification stage, the trial court can and should consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Valley Drug,* 350 F.3d at 1188 n. 15 (citing *Gen. Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982)); *see Coopers & Lybrand v. Livesay,* 437 U.S. 463, 469 & n. 12, 98 S.Ct. 2454, 2458 & n. 12, 57 L.Ed.2d 351 (1978) ("[t]he class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.' ... 'The more complex determinations required in Rule 23(b)(3) class actions entail even greater entanglement with the merits.' ") (emphasis and citations omitted); *Huff v. N.D. Cass Co. of Ala.,* 485 F.2d 710, 714 (5th Cir.1973) (en banc) ("It is inescapable that in some cases there will be overlap between the demands of [Rule] 23(a) and (b) and the question of whether plaintiff can succeed on the merits."); *Castano,* 84 F.3d at 744 ("Going beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues.").

*Vega* at 1265-66 (footnotes omitted).

A.      Standing

As the Eleventh Circuit has made clear, "analysis of class certification must begin with the issue of standing." *Griffin v. Dugger,* 823 F.2d 1476, 1482 (11th Cir.1987). "The question of whether an individual has standing to raise a claim is particularly important in the class action context because, before the court ever reaches the question of whether the individual's claims and

the class claims will share common questions, it must decide whether the individual has a cognizable claim at all." *Likes v. DHL Exp.,* 288 F.R.D. 524, 528 (N.D. Ala. 2012). The Named Plaintiffs assert their individual and class claims in this action pursuant to the FDCPA based upon their receipt of the letter from the Defendant. Specifically, the complaint states that the statements contained in Defendant's letter to the Named Plaintiffs "are deceptive because no foreclosure had been commenced, foreclosure is falsely equated to 'forgiveness of debt,' and that foreclosure on the time share at issue will result in tax liability." (Doc. 1 at 3). The Defendant does not dispute the Named Plaintiffs' standing to bring such claims. The Court finds that the Named Plaintiffs have standing and the class certification arguments can be addressed.

B.     Federal Rule of Civil Procedure 23(b)(3) Requirements

"For a district court to certify a class action… the putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." *Klay v. Humana, Inc.,* 382 F.3d 1241, 1250 (11th Cir.2004). Plaintiffs rely on Rule 23(b)(3). When certifying a class action pursuant to Rule 23(b)(3), the Court must find "(1) that common questions of law or fact predominate over questions affecting only individual class members ('predominance'); and (2) that a class action is superior to other available methods for adjudicating the controversy ('superiority')." *Vega* at 1265 *citing* Fed.R.Civ.P. 23(b)(3); *Klay,* 382 F.3d at 1251. Though the Court typically addresses Rule 23(a) requirements prior to addressing Rule 23(b) requirements, in this case, the Court finds that the matter can be readily decided on the issue of predominance.

The Court has carefully considered the Eleventh Circuit's *Vega* opinion, in which the circuit court "observed that district court improperly conflated the commonality determination with a review for predominance pursuant to Rule 23(b)(3)." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009). The Eleventh Circuit explained,

4

For the complaint to support class certification as to commonality and predominance, there must be common questions of law or fact among the class relating to one or both of these substantive claims, and, in addition, those common questions must predominate such that they "ha[ve] a direct impact on every class member's effort to establish liability" that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member. *Klay,* 382 F.3d at 1255 (citation omitted; alteration in original). "Under the Rule 23(a)(2) commonality requirement, a class action must involve issues that are susceptible to class-wide proof." *Murray v. Auslander,* 244 F.3d 807, 811 (11th Cir.2001). *Even if the court can identify common questions of law or fact, however, "[t]he predominance inquiry ... is 'far more demanding' than Rule 23(a)'s commonality requirement." Rutstein v. Avis Rent–A–Car Sys., Inc.,* 211 F.3d 1228, 1233 (11th Cir.2000) (quoting *Jackson,* 130 F.3d at 1005, which quotes, in turn, *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623–24, 117 S.Ct. 2231, 2250, 138 L.Ed.2d 689 (1997)).

"Whether an issue predominates can only be determined after considering what value the resolution of the class-wide issue will have in each class member's underlying cause of action." *Klay,* 382 F.3d at 1255 (quoting *Rutstein,* 211 F.3d at 1234).

*Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1270 (11th Cir. 2009)(emphasis added). The *Vega* court then cited *Klay v. Humana,* which "described the predominance test as follows:"

Where, after adjudication of the classwide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, such claims are not suitable for class certification under Rule 23(b)(3).... [I]f common issues truly predominate over individualized issues in a lawsuit, then the addition or subtraction of any of the plaintiffs to or from the class [should not] have a substantial effect on the substance or quantity of evidence offered. Put simply, if the addition of more plaintiffs to a class requires the presentation of significant amounts of new evidence, that strongly suggests that individual issues (made relevant only through the inclusion of these new class members) are important. If, on the other hand, the addition of more plaintiffs leaves the quantum of evidence introduced by the plaintiffs as a whole relatively undisturbed, then common issues are likely to predominate.

382 F.3d 1241, 1255 (11th Cir. 2004) (quotations omitted)(abrogated on other grounds).

The FDCPA "prohibits a 'debt collector' from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.' 15 U.S.C. § 1692e. The use of 'or' in § 1692e means that, to violate the FDCPA, a representation by a 'debt collector' must merely be false, or deceptive, or misleading. A false representation in connection with the collection

of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed." *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).

Plaintiffs contend that Defendants sent a letter to over 13,000 potential class members that contained false or misleading statements in violation of the FDCPA. Specifically, the letter stated:

> Your current real estate interest with Westgate Resorts (our client) is current in the foreclosure process…Failure to respond will continue to force the current foreclosure process. If the foreclosure of your interest is completed, the foreclosure will be reported to the credit bureaus and this "forgiveness of debt" will be reported to the Internal Revenue Service (IRS). When a creditor makes such a report, you will receive a 1099-C form. The IRS treats the forgiven debt as income, on which you may owe income tax.

(Doc. 1-1).

Whether the contents of this letter were false, deceptive, or misleading depends on the unique factual circumstances of the individual who received the letter. For example, if the recipient was not in the foreclosure process, then the letter would certainly contain a false statement. However, if the recipient were in the foreclosure process, and the tax consequences warned of in the letter were an accurate description of what they may be facing, then the letter may not contain any false statement, misleading information, or deception.

The Eleventh Circuit has explained, "That common questions of law or fact predominate over individualized questions means that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof." *Rutstein v. Avis Rent-A-Car Sys., Inc*., 211 F. 3d 1228, 1233 (11th Cir. 2000)(internal quotations and citations omitted). Here, the Court cannot determine whether the contents of the letter violated the FDCPA without individualized inquiry into the factual circumstances of each recipient. As a result, Plaintiffs have not established predominance and the matter is inappropriate for certification as a class action.

In *Riffle v. Convergent Outsourcing, Inc.*, the Middle District of Florida evaluated whether to certify a FDCPA class action, and ultimately declined to do so. 311 F.R.D. 677, 682 (M.D. Fla. 2015). One of the reasons the *Riffle* court determined that certification was inappropriate was Plaintiff's failure to satisfy the predominance prong of Rule 23(b)(3). Because "significant issues of liability would still remain because the Court would still be required to conduct individualized inquiries," the court "f[ou]nd that Plaintiff ha[d] failed to establish that common issues predominate over individual issues," and denied the motion for class certification.

*Riffle* explained, "[T]o determine whether questions of law or fact common to class members predominate, a court must 'take into account the claims, defenses, relevant facts, and applicable substantive law, to assess the degree to which resolution of the classwide issues will further each individual class member's claim against the defendant.'" *Id*. at 682 citing *Vega* at 1274. "[Eleventh Circuit] case law plainly establishes that a class action should not proceed under Rule 23(3) when it appears that most, if not all, of the plaintiffs' claims will stand or fall, not on the question whether [the defendant] has a practice or policy . . . but on the resolution of . . . highly case-specific factual issues." *Cooper v. S. Co.,* 390 F.3d 695, 722 (11th Cir. 2004)(internal citations and quotations omitted).

The Plaintiffs argue that the Eleventh Circuit's "least sophisticated consumer" standard controls and thus, individual inquiries are not required.  The least sophisticated consumer standard is an objective standard used to determine whether the false statement or deception would have been deceptive as to the least sophisticated consumer.   As, Plaintiffs point out,

> [The least sophisticated consumer standard] is an objective standard to be applied to all persons and "the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced[.]" *Fed. Trade Comm'n v. Standard Educ. Soc.*, 302 U.S. 112, 116, (1937).

(Doc. 41 at 4). Thus, in order for the least sophisticated consumer standard to be triggered, there must be a false statement made.  The issue in this case is whether the statements were false as to the recipient of the letter.  Plaintiffs have put forth <u>no</u> evidence to support the allegation that the purported class share in this common fact, i.e. that the letter was false or misleading as it relates to that person's circumstances.  Following Plaintiffs' suggested logic, a potential class member who had not been deceived or misled in any way by the contents of the letter would still have a claim under § 1692e of the FDCPA. The Court cannot agree.

Here, whether the contents of the letter cited above were false, misleading, or deceptive, is not subject to generalized proof. Thus, the Court finds that Plaintiffs have failed to establish that the claims of potential class members' claims predominate over individuals and the motion for preliminary class certification is **DENIED**. As a result, the joint motion for settlement approval (Doc. 35) is **MOOT**.

DONE and ORDERED this 7th day of **March 2016.**

<u>/s/ Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**