[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11975
_____

D.C. Docket No. 1:14-cv-00473-KD-M

RAYMUNDO LANDEROS,
DIANA LANDEROS,

                                        Plaintiffs - Appellants,

versus

PINNACLE RECOVERY, INC.,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(May 30, 2017)

Before ED CARNES, Chief Judge, ROSENBAUM, and DUBINA, Circuit Judges.

PER CURIAM:

This is an interlocutory appeal.  Raymundo Landeros and Diana Landeros (the "Landeroses") appeal the district court's order denying their joint motion for a preliminary class certification and mooting their joint motion for approval of a settlement agreement.  After reading the parties' briefs, reviewing the record, and entertaining oral argument, we discern no abuse of discretion in the district court's order.  Accordingly, we affirm.

## I. BACKGROUND

The Landeroses, individually and on behalf of all similarly situated individuals, filed a complaint against Pinnacle alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").  The complaint asserted that the FDCPA violations arose from Pinnacle's attempts to collect a debt through a false, misleading, or deceptive communication.  The Landeroses proposed a class that consisted of all persons in the United States who received from Pinnacle the form collection letter that stated in part:

> Your current real estate interest with Westgate Resorts (our client) is current[ly] in the foreclosure process. . . . Failure to respond will continue to force the current foreclosure process.  If the foreclosure of your interest is completed, the foreclosure will be reported to the credit bureaus and this "forgiveness of debt" will be reported to the Internal Revenue Service (IRS).  When a creditor makes such a report, you will receive a 1099-C form.  The IRS treats the forgiven debt as income, on which you may owe income tax.

2

(R. Doc. 35 at 15.)  The complaint sought statutory damages, plus costs and attorney's fees for the Landeroses.

Following discovery, the parties sought the district court's approval of a class action settlement.  According to the proposed settlement, Pinnacle represented that approximately 13,614 letters were mailed during the relevant time. The Landeroses were to receive $1,250 each, and their attorneys were to receive $30,000.  The proposed settlement allocated $32,500 for the class on a "pro rata" basis.  This figure was the maximum statutory damages recoverable by the class because it amounted to 1% of Pinnacle's net worth as of the relevant date.  This sum would result in a payout of approximately $2.39 for each absent class member if no one opted out of the settlement agreement.

After receiving the proposed settlement, the district court expressed reservations about it and ordered a hearing.  Before the hearing, the Landeroses filed a supplemental brief, focusing on the theory that the letter falsely states or implies that a foreclosure always results in forgiveness of debt and therefore a tax liability.  They also asserted that the letter need only be deceptive as to the least sophisticated consumer.  Following the hearing, the district court denied the motion for preliminary certification of the class and mooted the proposed

settlement agreement.  The Landeroses appealed, and this court appointed *amicus*

*curiae* to defend the district court's judgment.[1]

## II. DISCUSSION

Federal Rule of Civil Procedure 23 governs class actions.  "A class action

may be maintained only when it satisfies all the requirements of [Rule] 23(a) and

at least one of the alternative requirements of Rule 23(b)."  *Allapattah Servs., Inc.*

*v. Exxon Corp.*, 333 F.3d 1248, 1260 (11th Cir. 2003) (quoting *Rutstein v. Avis*

*Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1233 (11th Cir. 2000)).  There are four

prerequisites that must be satisfied under Rule 23(a): (1) numerosity; (2)

commonality; (3) typicality; and (4) adequacy of representation.  *See* FED. R. CIV.

P. 23(a).  The parties sought certification under Rule 23(b)(3), pursuant to which a

court must make two additional findings.  Specifically, the court must consider

whether "the questions of law or fact common to class members predominate over

any questions affecting only individual members" and whether "a class action is

superior to other available methods for fairly and efficiently adjudicating the

controversy."  FED. R. CIV. P. 23(b)(3).  "In other words, the issues in the class

action that are subject to generalized proof, and thus applicable to the class as a

---

[1] Due to the lack of adversarial briefing, this court appointed John C. Neiman, Jr., Esq. as *amicus curiae* to advocate for an affirmance of the district court's judgment.  The court thanks and compliments Mr. Neiman for his exemplary advocacy, both in the written brief and at oral argument.

whole, must predominate over those issues that are subject only to individualized proof." *Kerr v. City of West Palm Beach*, 875 F.2d 1546, 1557–58 (11th Cir. 1989) (internal quotation marks omitted).

Rule 23(c) directs a district court, "[a]t [the] earl[iest] practicable time after a person sues or is sued as a class representative, … [to] determine by order whether to certify the action as a class action." FED. R. CIV. P. 23(c)(1)(A). While it is sometimes possible to decide the propriety of class certification from the face of the complaint, *see Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008), the Supreme Court has "emphasized that it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Comcast Corp. v. Behrend*, 569 U.S. ___, 133 S. Ct. 1426, 1432 (2013) (internal quotation marks omitted). In fact, the determination usually should be predicated on more information than the complaint itself provides, and it "will frequently entail overlap with the merits of the plaintiff's underlying claim." *Id.* (internal quotation marks omitted). After all, "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351, 131 S. Ct. 2541, 2552 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364, 2372 (1982)).

Moreover, "because class actions are an exception to our constitutional tradition of individual litigation," *Brown v. Electrolux Home Prods.*, 817 F.3d 1225, 1233 (11th Cir. 2016), a district court has great responsibility to adhere to the framework of Rule 23. *Id.*[2] Hence, if the district court has reservations about whether the Rule 23 requirements have been satisfied, it should refuse to grant class certification until the parties have assuaged the district court's doubts. *Id.* at 1233–34. We review the district court's order denying the class certification for abuse of discretion. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1264 (11th Cir. 2009).

On appeal, the Landeroses clarify that they assert one claim and one theory of relief in their FDCPA action: that the Pinnacle letter characterizes the tax consequences of a foreclosure and loan forgiveness in a false, deceptive and/or misleading way in violation of § 1692e. The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "The use of 'or' in [this provision] means that, to violate the FDCPA, a representation by a 'debt collector' must merely be false, or deceptive, or misleading." *Bourff v. Rubin*

---

[2] In this case, we applaud the district court for expressing its doubts about the propriety of the class certification and exercising its great responsibility in determining the appropriateness of class action certification.

6

*Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).  "A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed."  *Id.*

We conclude from the record that the district court correctly declined to certify the class because it reasoned that whether the contents of the letter were false, deceptive, or misleading turns on the unique factual circumstances of each individual who received the letter.  In other words, the district court properly determined that the Landeroses did not satisfy the predominance requirement in Rule 23.  "That common questions of law or fact predominate over individualized questions means that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof."  *Rutstein*, 211 F.3d at 1233 (internal quotation marks omitted).  These common questions must predominate such that they "ha[ve] a direct impact on every class member's effort to establish liability" that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member.  *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004) (citation omitted and alteration in original).

At the hearing before the district court, the Landeroses' counsel admitted that he did not know whether the absent class members had in fact had debt

forgiven or would have been subject to taxes for any such forgiven debt.  In their briefs on appeal, the parties assert that these statements were still deceptive because a creditor is not obligated to forgive a deficiency and there are exceptions regarding the tax liability of debt forgiveness.  That may be true as to some class members' circumstances, but the Landeroses do not show how the statements are deceptive as to all class members.

Furthermore, Pinnacle's letter made no unqualified or incomplete statement about what the law required.  Rather, the letter made a factual representation that if one's interest is foreclosed, this forgiveness of debt will be reported to the IRS. Pinnacle even added that the debtor may owe income tax as a result.  These statements could accurately describe some of the individual class members' circumstances, but these statements are not deceptive as to all class members.  We agree with the district court that a determination about whether the contents of the Pinnacle letter violated the FDCPA is not possible without inquiry into the factual circumstances of each recipient's indebtedness and the intentions of Pinnacle as to that particular recipient.  Accordingly, the district court properly denied class certification because the predominance requirement was not met.

In an attempt to salvage their FDCPA class action claim and negate the individualized inquiry, the Landeroses urge the application of the "least

sophisticated consumer" standard. They contend that under this standard, the least sophisticated consumer would be deceived by the Pinnacle letter regardless of the factual circumstances applicable to each recipient of the letter. They argue that the district court erred by not employing this standard. The district court found that this standard did not apply in this case because whether the letter was false or misleading turned on the factual circumstances particular to each recipient. We agree.

We adopted the "least sophisticated consumer" standard in *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193–94 (11th Cir. 2010) ("We employ the 'least-sophisticated consumer' standard to evaluate whether a debt collector's communication violates § 1692e of the FDCPA."). Under this standard, the court should evaluate whether certain statements by debt collectors are deceitful by considering how the least sophisticated consumer rather than a reasonable consumer would perceive them. *Jeter*, 760 F.2d at 1174–75. Thus, even when a reasonable consumer would know that a particular statement was false and would not be deceived by it, the statement can still violate the FDCPA if it would deceive the least sophisticated consumer. *Id.* at 1172–73 (citing *Charles of the Ritz Distrib. Corp. v. FTC*, 143 F.2d 676, 679 (2d Cir. 1944)). This standard attempts to strike a

balance between "protecting naive consumers" and "prevent[ing] liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." *LeBlanc*, 601 F.3d at 1194 (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)).  We noted that the least sophisticated consumer standard will not apply to FDCPA claims in which the consumer's sophistication is irrelevant.  *Jeter*, 760 F.2d at 1175.  That is the case here.

The merits of the Landeroses' FDCPA claims do not turn on the sophistication of the person who read the Pinnacle letter.  Rather, the merits of the claims depend on the objective factual circumstances unique to each recipient's indebtedness.  Pinnacle's statements about debt forgiveness and the potential tax consequences would violate the FDCPA because of the fact that Pinnacle did not intend to report debt forgiveness as to that individual person or because of the fact that that particular person's forgiven debt would not be substantial enough to give rise to taxable income.  Thus, the potential falsity or tendency to deceive has nothing to do with that person's sophistication.  It depends solely upon objective facts or the intentions of Pinnacle, which may vary from class member to class member.  As such, the least sophisticated consumer standard does not apply in this case.

10

## III. CONCLUSION

The district court did not abuse its discretion in denying the parties' joint motion for class certification and mooting their joint motion for approval of a settlement agreement.  The district court properly considered the Rule 23 class certification requirements and found the parties did not satisfy the predominance element.  The district court also properly declined to apply the least sophisticated consumer standard to the FDCPA claims.  Accordingly, we affirm the district court's order.

AFFIRMED.

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 30, 2017

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 16-11975-GG
Case Style: Raymundo Landeros, et al v. Pinnacle Recovery, Inc.
District Court Docket No: 1:14-cv-00473-KD-M

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed equally against Appellants and Appellee..

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joe Caruso, GG at (404) 335-6177.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs